UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:02-CV-166-F

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., ) | |
| KENDALL SUH, M.D., and BRUNSWICK ) | |
| EMERGENCY PHYSICIANS, P.A., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| HCA-THE HEALTHCARE CO., f/k/a ) | |
| COLUMBIA/HCA HEALTHCARE CORP., ) | |
| d/b/a BRUNSWICK COMMUNITY ) | |
| HOSPITAL and PAUL SCHULTE, ) | |
| ) | |
| Defendants. ) | |

This case comes before the court upon the motion of Defendant HCA ("HCA") to dismiss the Amended Complaint filed by Plaintiffs Kendall Suh, M.D. ("Suh") and Brunswick Emergency Physicians, P.A. ("BEP"), pursuant to Rules 12(b)(1), 12(b)(5) and 41(b) of the Federal Rules of Civil Procedure. [DE-62]. Plaintiffs have responded to the motion and all subsequent briefing is complete. Accordingly, the matter is ripe for ruling. For the reasons set forth below, the motion to dismiss is DENIED.

## I. STATEMENT OF THE CASE

On October 15, 2002, Plaintiffs filed a complaint on behalf of the United States, alleging that Defendants made false statements and claims in violation of the False

Claims Act, 31 U.S.C.§ 3729 *et seq.*("FCA"), regarding medical services allegedly provided by Defendant HCA. Compl. ¶1 [DE-1]. On March 21, 2003, Plaintiffs filed an Amended Complaint, adding a claim of unlawful retaliation in violation of the FCA, 31 U.S.C. § 3730(h). Am. Compl. ¶¶41-45 [DE-12]. Both complaints were filed under seal and neither was served on Defendants following filing.

The United States intervened in this case, filing a Notice of Intervention on September 29, 2006 [DE-44]. Thereafter, the cause of action asserting false claims set forth in count one of the Amended Complaint was settled, and a Stipulation of Dismissal with prejudice was filed on December 18, 2006. [DE-45]. Pursuant to the Stipulation of Dismissal, the United States no longer is a party to this action and the remaining claim to be litigated between Plaintiffs and Defendants is the charge of retaliation in violation of the FCA, 31 U.S.C. § 3730(h). *Id.*

On January 22, 2007, by order of this court, the seal was lifted in part as to the original Complaint, Amended Complaint, Notice of Intervention, Stipulation of Dismissal and all future filings. [DE-50]. It was ordered further that Plaintiffs serve Defendants with Summons and the Amended Complaint no later than February 16, 2007. [DE-50].

Plaintiffs failed to serve the Summons and Amended Complaint on Defendants by the time ordered, and on March 15, 2007, Plaintiffs filed a motion for an extension of

time *nunc pro tunc* to serve Summons and Amended Complaint on or by March 30, 2007. Mot. for Nunc Pro Tunc Ext. of Time to Serve Summons and Am. Compl. [DE-52]. In support of their motion, Plaintiffs indicated that lead counsel had not received the court's January 22, 2007 order lifting the stay and directing Plaintiffs to effectuate service on Defendants. *See id.* at 3. In addition, Plaintiffs advised that a copy of the court's January 22 order served on Plaintiffs' local counsel was inadvertently missplaced within counsel's office. *Id.* at 4.

Nonetheless, by order of this court and for good cause shown, on March 20, 2007, Plaintiffs' motion for an extension of time *nunc pro tunc* to serve Summons and Amended Complaint was allowed. [DE-58]. Subsequently, on March 27, 2007, Defendant HCA responded to Plaintiff's motion [DE-60], objecting to an extension of time on the grounds that continued delay further exacerbates Defendant's ability to defend against Plaintiffs' claim. On March 28, 2007, this court entered an Order acknowledging Defendant's objection, yet reaffirming its order allowing the *nunc pro tunc* extension of time. [DE-61]. In its order, however, the court cautioned Plaintiffs "that future instances of lapses in compliance with the local and federal rules of procedure are not likely to be well-received." *Id.* (emphasis removed).

A Summons was issued on March 26, 2007, and Plaintiffs served Summons and the Amended Complaint on Defendant HCA on March 27, 2007. Mem. in Support of

Mot. to Dismiss at 3. ("Def.'s Mem.") [DE-63].[1]

## II. STATEMENT OF ALLEGED FACTS

Plaintiffs bring this action arising from false statements and claims regarding hospital emergency room services allegedly provided at a hospital operated by Defendant HCA. Am. Compl. ¶¶ 1,8 [DE-12]. Proceeding in this case on behalf of the United States, Plaintiffs Suh and BEP are Relators for purposes of pursuing claims under the FCA. *Id*. ¶2. From approximately 1998 to the date of the filing of the Amended Complaint, Suh was employed by BEP. *Id*. ¶5. BEP had a contract with Brunswick Community Hospital ("Hospital") to provide emergency physician services. *Id*. ¶5. According to Plaintiffs, HCA owns hospitals and other health care facilities throughout the United States, and at times relevant to this case, HCA operated Brunswick Community Hospital, located in Supply, North Carolina. *Id*. ¶8.

Dr. Suh is a licensed and board-certified emergency medicine physician and is board certified in family practice medicine. *Id*. ¶16. Dr. Suh was employed by BEP, a North Carolina professional association that contracted to provide emergency physician services for Brunswick Community Hospital, from approximately 1998 to the time of filing the amended complaint. *Id*.

---

[1] According to Defendant HCA's motion, Defendant Paul Schulte is performing military service overseas and has not been served with Summons and Amended Complaint.

Brunswick Community Hospital participates in several federally-funded health care insurance programs, such as Medicare, Medicaid and TRICARE, whereby the hospital submits bills for medical services provided by the hospital to qualified patients for purposes of reimbursement by the federal government. *Id.* ¶¶10-15. The services are reimbursed at rates determined by specific codes corresponding to the type of medical services provided. *See id.* ¶¶28-32.

While employed by BEP and during its contract with the hospital, Dr. Suh raised questions about the hospital's billing practices in the emergency department, including bills submitted to federally-funded health care programs. *Id.* ¶17. According to Plaintiffs, Dr. Suh learned that Defendants were fraudulently billing for services represented as having been performed by a physician, and at a higher rate for medical services, that were actually performed by a physician assistant, payable at a lower reimbursement rate. *Id.* ¶18. Dr. Suh also learned that Defendants were submitting claims to Medicare and Medicaid for services coded at a higher reimbursement rate rather than at the lower rate the services were actually performed. *Id.*

Beginning in 2000, Dr. Suh repeatedly informed Defendants about the fraudulent activity, by addressing these issues with Defendant Paul Schulte, the Chief Operating Officer and/or Chief Executive Officer of the hospital. *Id.* ¶19. Dr. Suh informed Defendants of the lack of training provided to physicians and other providers charged

with coding decisions and he expressed serious reservations about the accuracy of the hospital's coding and resulting reimbursements. *Id.* ¶31.

According to the contract between BEP and the hospital, BEP and Dr. Suh were employees of the hospital. *Id.* ¶43. BEP and Dr. Suh provided emergency medical services at the hospital, during which time the hospital either controlled or had the right to control the manner and means by which emergency services were to be performed, including control of the instrumentality and tools, location of the work, the duration of the relationship between the parties, the method of payment, work hours, and the hiring of assistants. *Id.* ¶42.

According to Plaintiffs, beginning in 2002, Plaintiffs were harassed and ultimately dismissed from providing services to Defendants and "blackballed" from contracting opportunities with the hospital as a result of Plaintiffs' complaints regarding Defendants' improper billing practices in violation of the anti-retaliation provision of the FCA, 31 U.S.C.§ 3730(h). *Id.* ¶44.

### III. DISCUSSION

A. **Defendant's motion to dismiss for lack of subject matter jurisdiction is denied because the disputed jurisdictional facts are intertwined with the merits of the case.**

Defendant contends that Plaintiffs' Amended Complaint should be dismissed for lack of subject matter jurisdiction on the grounds that Plaintiffs lack standing to pursue a

retaliation claim under the FCA because Plaintiffs were not employees of the hospital. Def.'s Mem. at 1 [DE-63]. The anti-retaliation provision of the FCA covers employees but does not extend to independent contractors. *Vessell v. DPS Assoc. of Charleston, Inc.*, 148 F.3d 407, 413 (4th Cir. 1998).

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the court lacks subject matter jurisdiction. When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, the burden of proving subject matter jurisdiction rests with the plaintiff. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A party may attack the subject matter jurisdiction of the court on the grounds that the complaint fails to allege facts upon which subject matter jurisdiction can be based, or on the grounds that the jurisdictional facts alleged in the complaint are untrue. *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A district court should allow a Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted). To determine whether subject matter jurisdiction exists the court may consider evidence outside the pleadings such as affidavits or deposition testimony. *Adams*, 697 F.2d at 1219.

However, an attack on the jurisdictional allegations of the complaint is not

permissible if the jurisdictional allegations are found to be intertwined with the facts central to the merits of the case. *North Carolina*, 180 F.3d at 580; *Adams*, 697 F.2d 1219; *See Garcia v. Copenhaver Bell & Assoc.*, 104 F.3d 1256, 1261-63 (11th Cir. 1997). Under these circumstances the better course is to resolve the factual dispute in a proceeding on the merits. *North Carolina*, 180 F.3d at 580. The merits of the claim and disputed jurisdictional facts need not be identical but "so closely related that the jurisdictional issue is not suited for resolution in the context of a motion to dismiss for lack of subject matter jurisdiction." *Id.* at 580-81 (citing *Adams*, 697 F.2d at 1219). Stated differently, where a factual attack on the subject matter implicates an element of the cause of action, it is an attack on the merits of the case. *See Garcia*, 104 F.3d at 1262-63 (merits of the claim are intertwined with jurisdictional facts where in order to prove a claim under the Age Discrimination in Employment Act ("ADEA") plaintiff must establish that defendant is an "employer" within the meaning of the ADEA); *see also McGinnis v. Southeast Anesthesia Assocs., P.A.*, 161 F.R.D. 41, 44 (W.D.N.C. 1995) (whether plaintiff physician is an employee in a Title VII case is intertwined with the facts central to merits of dispute because employment is an element of plaintiff's case).

Section 3730(h), sometimes called the "whistleblower" provision of the False Claims Act, "prevents the harassment, retaliation, or threatening of employees who assist in or bring *qui tam* actions." *Zahodnick v. IBM Corp.*, 135 F.3d 911, 914 (4th Cir.1997). The

statute provides:

> Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.

31 U.S.C. §3730(h).

In order to establish a prima facie case of retaliation under the FCA, "[A]n employee must prove that (1) he took acts in furtherance of a *qui tam* suit [i.e. engaged in 'protected activity']; (2) his employer knew of these acts; and (3) his employer discharged him as a result of these acts." *Eberhardt v. Integrated Design & Const., Inc.*, 167 F.3d 861, 866 (4th Cir. 1999) (quoting *Zahodnick*, 135 F.3d at 914).

In order to prevail on the merits of their claim of retaliation, Plaintiffs will be required to show that they were in fact employees of the hospital. The jurisdictional attack on Plaintiffs' employment status - whether Dr. Suh and BEP are employees or independent contractors - implicates an element of their prima facie case under § 3730(h) and therefore necessitates an examination of the merits, which is improper at the current stage of this litigation. *See Garcia*, 104 F.3d at 1262-63.

The court declines to resolve this dispute on a 12(b)(1) motion. Whether the Plaintiffs were employees of the hospital is intertwined with the facts central to the

merits of the dispute because employment is an element of the Plaintiffs' case. Accordingly, this dispute should be decided in a proceeding on the merits rather than a challenge to the court's subject matter jurisdiction. *See Adams*, 697 F.2d at 1219. The Court denies Defendant's Rule 12 (b)(1) motion without determining the Plaintiffs' employment status.

For the reasons set for above, Defendant's motion to dismiss pursuant to Rule 12(b)(1), Fed. R. Civ. P. is DENIED.

### B. Defendant's alternative motion to dismiss pursuant to Rules 12(b)(5) or 41(b), Fed. R. Civ. P., is denied.

Defendant next urges dismissal of the Amended Complaint pursuant to Rule 41, Fed. R. Civ. P., for Plaintiffs' failure to serve summons and the Amended Complaint on Defendants in accordance with the January 22, 2007 order of this court or, in the alternative, pursuant to Rule 12(b)(5) for insufficiency of service of process. Def.'s Mem. at 2 [DE-63]. In support of this position, Defendant renews its argument set forth in its objection to Plaintiffs' motion for *nunc pro tunc* extension of time to serve Summons and Amended Complaint. *Id*. at 12. For the reasons set forth in the court's January 22 order allowing Plaintiffs' extension of time to serve Summons and Amended Complaint, this argument is overruled and Defendant's motion to dismiss the Amended Complaint on these alternative grounds is DENIED. *See* [DE-61].

## IV. CONCLUSION

For the reasons set forth above defendant's motion to dismiss is DENIED. The Clerk is directed to continue management of the case.

This, the 23rd day of June, 2009.

*James C. Fox*
James C. Fox
United States District Judge