| | |
|---|---|
| UNITED STATES OF AMERICA, *ex. rel.*, KENDALL SUH, M.D., and BRUNSWICK EMERGENCY PHYSICIANS, P.A.,<br><br>Plaintiffs,<br><br>v.<br><br>HCA-THE HEALTHCARE CO., f/k/a COLUMBIA/HCA HEALTHCARE CORP. d/b/a BRUNSWICK COMMUNITY HOSPITAL,<br><br>Defendant. | ANSWER TO AMENDED COMPLAINT |

## ANSWER

Defendant HCA Inc.[1] ("HCA" or "Defendant"), by and through counsel, answers Plaintiffs' Amended Complaint as follows:[2]

## FIRST DEFENSE

As its first defense, HCA denies each allegation of the Amended Complaint not hereinafter specifically admitted, including but not limited to all allegations contained in any headings and prayers for relief, and responds as follows to each separately numbered paragraph of the Amended Complaint:

1. The allegations of Paragraph 1 purport to describe this action or state legal conclusions and no response is required. To the extent that the allegations contained in paragraph 1 require a response, HCA denies the allegations contained in paragraph 1 and further denies that Plaintiffs have any claim against HCA.

---

[1] Defendant HCA Inc. was formerly known as HCA-The Healthcare Co. and Columbia/HCA Healthcare Corp. None of these entities has ever done business as Brunswick Community Hospital; rather, an indirect subsidiary of HCA Inc. owned and operated Brunswick Community Hospital during the applicable time period.

[2] Pursuant to the Rule 41(a)(1) Notice of Dismissal of Defendant Paul Schulte filed by Plaintiffs on May 8, 2007, Paul Schulte was dismissed. Therefore, HCA is the only remaining defendant.

2. The allegations of Paragraph 2 purport to describe Plaintiffs' submissions to the government related to this action or state legal conclusions and no response is required. To the extent that the allegations contained in paragraph 2 require a response, HCA lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies those allegations.

3. The allegations contained in the first sentence of Paragraph 3 purport to describe the nature of this action and no response is required. To the extent that the allegations contained in the first sentence of Paragraph 3 require a response, HCA denies that Plaintiffs have stated a cause of action under the False Claims Act. With respect to the allegations contained in the second and third sentences of Paragraph 3, HCA denies that the court has subject matter jurisdiction.

4. HCA acknowledges that Brunswick Community Hospital ("Hospital") is located in this District and does not object to venue in this District. Except as expressly admitted herein, HCA denies the allegations set forth by Paragraph 4.

5. HCA lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 5 and therefore denies those allegations, except HCA admits only that Brunswick Emergency Physicians, P.A. ("BEP") began providing emergency physician services at Hospital in approximately 1988; that BEP contracted with Hospital for emergency physician services between 1994 and 2002; and that Dr. Suh is a citizen of the United States. HCA specifically denies that BEP contracted to provide emergency physician services after 2002.

6. HCA lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and therefore denies those allegations.

7. HCA admits the allegations of Paragraph 7.

8. HCA denies the allegations contained in Paragraph 8, except HCA admits only that it currently operates one hundred sixty-six (166) hospitals in twenty (20) states, that HCA was incorporated in Nevada in January 1990 and re-incorporated in Delaware in September

1993.  Further responding to the allegations contained in Paragraph 8, HCA states that it was formerly known as HCA-The Healthcare Co. and Columbia/HCA Healthcare Corp.  None of these entities has ever done business as Brunswick Community Hospital ("Hospital"); rather, an indirect subsidiary of HCA owned and operated Hospital during the applicable time period.

9. HCA denies that Paul Schulte served as Chief Operating Officer and/or Chief Executive Officer of Hospital at all relevant times.  HCA admits that Paul Schulte served as Chief Executive Officer of Hospital from March 1997 through the last week of September 2002.  Except as expressly denied or admitted herein, HCA lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies those allegations.

10. The allegations of Paragraph 10 purport to describe and characterize the Medicare Program.  Accordingly, no response is required.  To the extent a response is required, HCA lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, except HCA admits only that Congress established the Medicare Program.

11. The allegations of Paragraph 11 purport to describe how the Medicare Program is administered.  Accordingly, no response is required.  To the extent a response is required, HCA lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, except HCA admits only that the government utilizes contractors to administer claims under the Medicare Program.

12. The allegations of Paragraph 12 also purport to describe and characterize the Medicare Program.  Accordingly, no response is required.  To the extent a response is required, HCA lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, except HCA admits only that the Medicare Program is for the elderly.

13. The allegations of Paragraph 13 purport to describe what is critical to the success of Medicare.  Accordingly, no response is required.  To the extent a response is required, HCA lacks information or knowledge sufficient to form a belief as to the truth of the allegations

contained in Paragraph 13, except HCA admits only that medical providers bill Medicare for medically necessary services provided to Medicare beneficiaries.

14. HCA admits the allegations of Paragraph 14, except HCA specifically denies that Medicaid provides care for all indigent people.

15. HCA admits the allegations of Paragraph 15.

16. HCA admits only that BEP began providing emergency physician services at Hospital in approximately 1988; that BEP contracted with Hospital for emergency physician services between 1994 and 2002; and that Dr. Suh was a licensed physician during that time. HCA specifically denies that BEP contracted to provide emergency physician services after 2002. Except as expressly admitted or denied herein, HCA lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore denies those allegations.

17. HCA denies the allegations of Paragraph 17.

18. HCA denies the allegations of Paragraph 18.

19. HCA denies the allegations of Paragraph 19.

20-23. The allegations of Paragraphs 20-23 purport to describe the reimbursement rules and history of the Medicare Program and no response is required. To the extent a response is required, HCA lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 20-23.

24. HCA denies the allegations of Paragraph 24.

25. HCA denies the allegations of Paragraph 25.

26. HCA denies the allegations of Paragraph 26.

27. HCA denies the allegations of Paragraph 27.

28. HCA admits the allegations of Paragraph 28.

29. The allegations of Paragraph 29 purport to describe coding requirements of the Medicare Program. Accordingly, no response is required. To the extent a response is required, HCA lacks information or knowledge sufficient to form a belief as to the truth of the allegations

contained in Paragraph 29, except HCA admits only that 99281, 99282, 99283, 99284 and 99285 are Current Procedural Terminology codes for emergency department services.

30. The allegations of Paragraph 30 purport to describe the Medicare Program and no response is required. To the extent a response is required, HCA lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31. HCA denies the allegations of Paragraph 31.

32. HCA denies the allegations of Paragraph 32.

33. HCA denies the allegations of Paragraph 33.

34. HCA denies the allegations of Paragraph 34.

35-40. Count I was dismissed with prejudice on December 18, 2006 and no response is required. To the extent a response is required, HCA denies the allegations of Paragraphs 35-40.

41. HCA incorporates by reference its responses to the allegations contained in Paragraphs 1 through 40, as if fully set forth in response to the allegations contained in Paragraph 41.

42. HCA denies the allegations contained in Paragraph 42, except that HCA admits only that BEP began providing emergency physician services at Hospital in approximately 1988 and that BEP contracted with Hospital for emergency physician services between 1994 and 2002.

43. HCA denies the allegations of Paragraph 43.

44. HCA denies the allegations of Paragraph 44.

45. HCA denies the allegations of Paragraph 45.

By way of further answer, HCA responds as follows:

### SECOND DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted, and should therefore be dismissed.

### THIRD DEFENSE

Plaintiffs lack standing to bring this claim, and the Court should dismiss this action for lack of subject matter jurisdiction.

## FOURTH DEFENSE

Neither Plaintiff has ever been an employee of, or had an employer-employee relationship, with HCA or Hospital.

## FIFTH DEFENSE

Plaintiff BEP's contract pursuant to which BEP provided emergency physician services at Hospital terminated by its own terms on December 31, 2002. The contract was not renewed for legitimate, non-discriminatory, non-retaliatory reasons.

## SIXTH DEFENSE

HCA at all times acted in good faith and treated Plaintiffs in a legitimate, non-discriminatory, non-retaliatory manner, without violation of any applicable law, rule, or regulation.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by their failure to mitigate damages.

## EIGHTH DEFENSE

Plaintiffs failed to comply with the Court Order entered on January 22, 2007, requiring Plaintiffs to serve Defendant with the Summons and Amended Complaint no later than February 16, 2007. This action should therefore be dismissed for insufficiency of service of process.

## NINTH DEFENSE

HCA expressly reserves the right to rely upon such other and further affirmative defenses as may be supported by the facts to be determined through discovery in this proceeding.

## PRAYER FOR RELIEF

WHEREFORE, Defendant HCA prays to the Court as follows:

1. That Amended Complaint be dismissed with prejudice in its entirety;

2. Judgment be entered in favor of the Defendant against Plaintiffs on the Amended Complaint;

3. Plaintiffs have and recover nothing of HCA;

4. That HCA be awarded its costs incurred in this action, including reasonable attorneys' fees as allowed by law; and

5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 7th day of July, 2009.

/s/ John H. Culver III
John H. Culver III
North Carolina State Bar No. 17849
K&L Gates LLP
Hearst Tower, 47th Floor
214 North Tryon Street
Charlotte, North Carolina 28202
Telephone: (704) 331-7453
Facsimile: (704) 353-3153
E-mail: john.culver@klgates.com

Amy Garrigues
North Carolina State Bar No. 35293
K&L Gates LLP
Post Office Box 14210
Research Triangle Park, NC 27709-4210
Telephone: (919) 466-1275
Facsimile: (919) 516-2105
E-mail: amy.garrigues@klgates.com

*Attorneys for Defendant HCA Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Answer to Amended Complaint** was filed electronically with the Clerk of Court for the Eastern District of North Carolina in accordance with the local rules using the CM/ECF system, which will send notification of such filing to the following:

> G. Norman Acker , III
> U.S. Attorney's Office
> Email: norman.acker@usdoj.gov
>
> John L. Coble
> Marshall, Williams & Gorham
> Email: jlc@mwglaw.com

And that the aforementioned document was also served by depositing a copy of the same in the United States Mail, first-class, postage prepaid, to the following:

> John S. Simmons
> Simmons Law firm, L.L.C.
> 1711 Pickens Street
> Post Office Box 5
> Columbia, SC  29202
> (803)779-4600
> Fax: (803)254-8874
> jsimmons@simmonslawfirm.com

This the 7th day of July, 2009.

> /s/ John H. Culver III
> John H. Culver III
> North Carolina State Bar No. 17849
> K&L Gates LLP
> Hearst Tower, 47th Floor
> 214 North Tryon Street
> Charlotte, North Carolina 28202
> Telephone: (704) 331-7453
> Facsimile: (704) 353-3153
> E-mail: john.culver@klgates.com